IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| IN THE MATTER OF: ) | |
| ) | |
| GALEN GENGENBACH, ) | |
| ) | CASE NO. BK03-44213 |
| Debtor(s). ) | A04-4030 |
| FARMLAND SERVICE CO-OP, INC., ) | |
| now known as ALL POINTS ) | |
| COOPERATIVE, INC., ) | |
| ) | |
| Plaintiff, ) | CH. 7 |
| ) | |
| vs. ) | |
| ) | |
| GALEN GENGENBACH, ) | |
| ) | |
| Defendant. ) | |

ORDER

This matter is before the court on the plaintiff's motion for summary judgment (Fil. #32) and resistance by the debtor (Fil. #35). James Nisley represents the debtor, and Susan Williams represents the plaintiff. The motion was taken under advisement as submitted without oral arguments.

The plaintiff filed this adversary proceeding to object to the debtor's discharge under 11 U.S.C. §§ 727(a)(2), (a)(4), and (a)(5). The plaintiff is an unsecured creditor, holding a default judgment in a collection action against the debtor in the amount of $10,445.16 plus 16 percent interest. The judgment was entered approximately a month before the debtor filed his Chapter 7 petition. At his § 341 meeting, the debtor testified about pre-petition transfers of funds totaling more than $85,000 which were not disclosed on his statement of financial affairs. The plaintiff alleges that such actions establish that the debtor transferred, removed, or concealed property with the intent to hinder, delay, or defraud creditors; that he knowingly and fraudulently made a false oath or account; and that he has failed to satisfactorily explain the loss or deficiency of assets to meet his liabilities. The plaintiff now moves for summary judgment on those issues.

Summary judgment is appropriate only if the record, when viewed in the light most favorable to the non-moving party, shows there is no genuine issue as to any material fact and that the

moving party is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56(c) (made applicable to adversary proceedings in bankruptcy by Fed. R. Bankr. P. 7056); see, e.g., Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249-50 (1986); Morgan v. Rabun, 128 F.3d 694, 696 (8th Cir. 1997), cert. denied, 523 U.S. 1124 (1998); Get Away Club, Inc. v. Coleman, 969 F.2d 664, 666 (8th Cir. 1992); St. Paul Fire & Marine Ins. Co. v. FDIC, 968 F.2d 695, 699 (8th Cir. 1992).

Until the spring of 2002, the Farmers State Bank of Eustis had liens on all of the debtor's real estate, machinery and equipment, and livestock. At that time, the bank called the loans, so the debtor sold much of the collateral to his sons for an amount agreed to by the bank and turned the proceeds over to the bank, which then released its liens. His son Kevin purchased the cows, borrowing almost $76,000 from the Cozad State Bank to do so. No bill of sale was executed. The cattle carried the debtor's brand, which he did not release until the fall of 2004 when Kevin transferred the cattle to his brother Derrick. Between spring 2002 and fall 2004, as Kevin sold the cattle, the buyers issued the checks in the debtor's name because the cattle brand was registered to the debtor. The debtor promptly endorsed the checks to Kevin, who deposited them at Cozad State Bank to pay down his loans. More than $85,000 of cattle proceeds changed hands in this manner in the 18 months prior to the debtor's bankruptcy filing in December 2003, and another $32,000 in the 13 months following the petition date. None of the transfers were reported in the statement of financial affairs.

The plaintiff maintains that each of the transfers of the cattle checks that occurred within one year pre-petition, and those occurring post-petition, should have been disclosed. The plaintiff also takes the position that the cattle continued to belong to the debtor, because no valid sale or transfer to Kevin took place, so the cattle proceeds properly belonged to the debtor and he intentionally diverted those proceeds from his creditors to Kevin or Kevin's creditors. Finally, the plaintiff asserts that the debtor has failed to adequately explain the loss or deficiency of assets. The issues raised by the plaintiff under 11 U.S.C. §§ 727(a)(2) and (a)(4) require factual findings to be made regarding the debtor's intent. Although intent is not an element of § 727(a)(5), the court is required to make factual findings as to the reasonableness of the debtor's explanation regarding the transfers. Because the court cannot make factual findings on a motion for summary judgment, the motion must be denied.

IT IS ORDERED: The plaintiff's motion for summary judgment (Fil. #32) is denied. If the parties desire to submit this matter

on the merits on the record that has been made, they may do so. The parties should file a notice by September 2, 2005, of their intention to either submit the matter or have it set for trial.

    DATED:    August 16, 2005

                                     BY THE COURT:

                                     /s/ Timothy J. Mahoney
                                     Chief Judge

Notice given by the Court to:
    James Nisley
    *Susan Williams
    U.S. Trustee

Movant (*) is responsible for giving notice of this order to all other parties not listed above if required by rule or statute.